UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-CIV-80089-RAR

**CEDRICK L. JONES**,

    Petitioner,

v.

**MARK S. INCH**,

    Respondent.
_____/

## ORDER OF DISMISSAL

**THIS CAUSE** comes before the Court on Petitioner's *pro se* habeas corpus petition pursuant to 28 U.S.C. § 2254 in which he challenges the state court judgment in Case No. 2002-CF-003214. *See* Petition [ECF No. 1]. Rule 4 of the Rules Governing Section 2254 Cases authorizes courts to dismiss a habeas petition arising under § 2254 "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court[.]" *See also* 28 U.S.C. § 2243 (stating an order to show cause should issue "unless it appears from the application that the applicant or person detained is not entitled" to relief). Consistent with that authority, courts may *sua sponte* dismiss a § 2254 petition if the parties are afforded "notice of [the] decision and an opportunity to be heard in opposition." *Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 654 (11th Cir. 2020). Similarly, the Supreme Court has addressed a federal court's authority to *sua sponte* dismiss habeas petitions even after the State omits or erroneously concedes the issue of timeliness. *See Day v. McDonough*, 547 U.S. 198, 205, 210–11 (2006).

Based on the foregoing authorities, and for the reasons stated herein, the Petition is **DISMISSED as time-barred** and the parties are hereby notified of their opportunity to present their positions regarding this Order.

## BACKGROUND

*A. Timeliness*

Stated broadly, "a person in custody pursuant to the judgment of a State court" has a one-year period to file a habeas corpus petition. *See* 28 U.S.C. § 2244(d)(1). That limitation period "runs from the latest of" the following dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)–(D). Moreover, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending" is not "counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

### B. *Procedural History*

According to the Palm Beach County Docket,[1] Petitioner was convicted and sentenced in 2004. He appealed his conviction all the way to the Florida Supreme Court, but the Florida Supreme Court approved the Florida Fourth District Court of Appeal's affirmance and affirmed the conviction and sentence entered below. *See Jones v. State*, 923 So. 2d 486 (Fla. 2006). The Petitioner did not file a petition for writ of certiorari in the Supreme Court of the United States. Although Petitioner pursued postconviction relief in Florida's courts, he was unsuccessful. Over the last nine years, the state dockets demonstrate that he had no litigation pending in state court.

## ANALYSIS

A "judgment becomes final when [the U.S. Supreme] Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or, if a petitioner does not seek certiorari, when the time for filing a certiorari petition expires." *Gonzalez v. Thaler*, 565 U.S. 134, 149 (2012) (cleaned up). "[T]he time for pursuing review in the Supreme Court of the United States is governed by Supreme Court Rules 13.1 and 13.3, which together provide that a petition for a writ of certiorari to review a judgment . . . entered by a state court of last resort . . . is timely when it is filed . . . within 90 days after entry of the judgment . . . and not from the issuance date of the mandate." *Moore v. Sec'y, Fla. Dep't of Corr.*, 762 F. App'x 610, 617–18 (11th Cir. 2019) (cleaned up).

---

[1] Under Fed. R. Evid. 201, the Court takes judicial notice of the following facts, which the Clerk's Office is **INSTRUCTED** to include as part of the record in this case:

(1) The Palm Beach County Docket in Case No. 2002-CF-003214, as of January 15, 2021;
(2) The Florida Fourth District Court of Appeal Docket in Case No. 4D04-4381, as of January 31, 2021;
(3) The Florida Fourth District Court of Appeal Docket in Case No. 4D09-3967, as of January 31, 2021;
(4) The Florida Fourth District Court of Appeal Docket in Case No. 4D19-2901, as of January 31, 2021;
(5) The Florida Supreme Court Docket in Case No. SC04-1217, as of January 31, 2021.

Because the Florida Supreme Court affirmed the conviction and sentence on March 2, 2006 in *Jones v. State*, 923 So. 2d 486 (Fla. 2006), and Petitioner did not file a petition for writ of certiorari, Petitioner's convictions and sentence became final on May 31, 2006—the last day he could have filed a petition for writ of certiorari. *See Moore*, 762 F. App'x at 617–18.

Absent any tolling motions, Petitioner had to file a habeas petition in *this* Court by May 31, 2007. *See Downs v. McNeil*, 520 F.3d 1311, 1317–18 (11th Cir. 2008) (describing the "anniversary method"). Seeing as Petitioner filed the instant Petition almost fourteen years beyond that date, he needs to show that he is eligible for statutory tolling under 28 U.S.C. § 2244(d)(2) or otherwise excuse the untimeliness of his Petition with an applicable equitable exception.

The Court need not calculate what periods of time are entitled to statutory tolling because, as previously mentioned, it has been nine years since Petitioner had any pending litigation in Florida's state courts. Needless to say, the time to file in this Court elapsed years ago. Accordingly, the Petition is untimely under 28 U.S.C. § 2244(d)(1)(A). Petitioner does not rely on any of the other provisions under § 2244(d)(1) to render his Petition timely. Even so, the Court has considered those provisions and determined that none apply to this case.

Unless an equitable exception applies, the Petition is time-barred. Two equitable exceptions exist, but neither apply to this case. First, the limitation period may be equitably tolled. To warrant equitable tolling, Petitioner "must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (cleaned up); *see also Holland v. Florida*, 560 U.S. 631, 649 (2010) (same). "The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." *Holland*, 560 U.S. at 653 (cleaned up). The petitioner bears the burden of establishing the applicability of equitable tolling by making

specific allegations. *See Cole v. Warden, Ga. State Prison*, 768 F.3d 1150, 1158 (11th Cir. 2014) (citing *Hutchinson v. Fla.*, 677 F. 3d 1097, 1099 (11th Cir. 2012)).

Petitioner has not pursued any litigation in his case for the last nine years. Because Petitioner has not provided any explanation for what obstacle prevented him from filing a federal habeas petition prior to or even during that interval of time, this exception clearly does not apply.

Second, "a credible showing of actual innocence may allow a prisoner to pursue his constitutional claims . . . on the merits notwithstanding the existence of a procedural bar to relief." *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013). This exception, however, "applies to a severely confined category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted the petitioner.'" *Id.* at 395 (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). And, therefore, "AEDPA's time limitations apply to the typical case in which no allegation of actual innocence is made." *Id.* at 394.

Here, Petitioner has not alleged that he is actually innocent. His sole claim for relief, which is vaguely pleaded, relates to the sentencing judge. *See* Petition at 5. Because "'actual innocence' means factual innocence, not mere legal insufficiency[,]" *McKay v. United States*, 657 F.3d 1190, 1197 (11th Cir. 2011) (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)), Petitioner has not shown this equitable exception applies either. The Petition, then, must be dismissed as time-barred.

### EVIDENTIARY HEARING

No evidentiary hearing is warranted in this matter. "[A] district court need not hold a hearing if the allegations are patently frivolous, based upon unsupported generalizations, or affirmatively contradicted by the record." *See Winthrop-Redin v. United States*, 767 F.3d 1210, 1216 (11th Cir. 2014) (cleaned up). The Petition is time-barred, rendering any need for evidentiary

development futile.

## CERTIFICATE OF APPEALABILITY

After careful consideration of the record in this case, the Court declines to issue a certificate of appealability ("COA"). A habeas petitioner has no absolute entitlement to appeal a district court's final order denying his habeas petition. Rather, to pursue an appeal, a petitioner must obtain a COA. *See* 28 U.S.C. § 2253 (c)(1); *Harbison v. Bell*, 556 U.S. 180, 183 (2009).

Issuance of a COA is appropriate only if a litigant makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253 (c)(2). To do so, litigants must show that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). But "[w]here a district court has disposed of claims . . . on procedural grounds, a COA will be granted only if the court concludes that 'jurists of reason' would find it debatable both 'whether the petition states a valid claim of the denial of a constitutional right' and 'whether the district court was correct in its procedural ruling.'" *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir. 2001) (quoting *Franklin v. Hightower*, 215 F.3d 1196, 1199 (11th Cir. 2000)).

The procedural ruling in this Order is not subject to reasonable debate. Therefore, a COA is denied.

## CONCLUSION

To summarize, the Petition is time-barred. But the Eleventh Circuit has indicated that a district court should provide habeas litigants "ample notice and an opportunity to explain [why the action should not be summarily dismissed]." *See Paez*, 947 F.3d at 654.

Consistent with that instruction, the parties may each submit a response, not exceeding five pages in length, to state their positions during the 28-day period for reconsideration under Fed. R. Civ. P. 59(e).  Such positions, if any are submitted, shall be reviewed *de novo* in the interests of fairness.  Having carefully reviewed the record in this case, and for the foregoing reasons, it is

**ORDERED AND ADJUDGED** that the Petition [ECF No. 1] is hereby **DISMISSED as time-barred**.  Any pending motions are **DENIED as moot**.  Further, any demands for an evidentiary hearing are **DENIED**, and a COA shall **NOT ISSUE**.  Lastly, because the parties may still present their positions to this Order during the period for reconsideration, this case is **CLOSED**.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 29th day of January, 2021.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**

cc:   Cedrick L. Jones
      640843
      Everglades Correctional Institution
      Inmate Mail/Parcels
      1599 SW 187th Avenue
      Miami, FL 33194
      PRO SE

      Noticing 2254 SAG Broward and North
      Email: CrimAppWPB@MyFloridaLegal.com